UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

TRAVIS W. GIBSON,                    )
                                     )
            Plaintiff,               )
                                     )
        v.                           )        No. 1:09-CV-176-LMB
                                     )
RICH COOK, et al.,                   )
                                     )
            Defendants.              )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of
Travis W. Gibson for leave to commence this action without payment
of the required filing fee.  *See* 28 U.S.C. § 1915(a).  Upon
consideration of the financial information provided with the
completed application, the Court finds that plaintiff is
financially unable to pay any portion of the filing fee.
Therefore, plaintiff will be granted leave to proceed in forma
pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may
dismiss a complaint filed in forma pauperis at any time if the
action is frivolous, malicious, fails to state a claim upon which
relief can be granted, or seeks monetary relief against a defendant
who is immune from such relief.  An action is frivolous if "it
lacks an arguable basis either in law or in fact."  *Neitzke v.*
*Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a

claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The complaint**

Plaintiff seeks monetary relief in this 42 U.S.C. § 1983 action against defendants Rick Cook (Police Officer), Jeff Mitchell (Police Officer), Josh Benton (Police Officer), Tony Roberts (Police Officer), Paul Harbould (Police Officer), City of Dexter, Missouri, Stoddard County, Missouri, Carl Hefner (Stoddard County Sheriff), Joe Briney Welborn (Stoddard County Prosecutor), Catherine Rice (Public Defender), Tipton Correctional Center, John Doe (D.O.C. Supervisor), Stanley W. Braswell (D.O.C. Caseworker), State of Missouri, Cameron Correctional Center, Western Missouri Correctional Center, and Roxann Cook (Probation Officer). Plaintiff alleges that he was unlawfully arrested, maliciously prosecuted, incompetently represented by counsel, and illegally imprisoned for two years, during which he was denied physical

access to the law library.  He states that his conviction was subsequently overturned.  In addition, plaintiff asserts numerous state-law claims, including negligence, malicious prosecution, and defamation of character.

**Discussion**

**A.  Section 1983 Claims**

Plaintiff brings this action against defendants Rick Cook, Jeff Mitchell, Josh Benton, Tony Roberts, Paul Harbould, Carl Hefner, Stanley W. Braswell, Roxann Cook, and John Doe in their official capacities. *See  Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims)*; Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989).  Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.*  Accordingly, as to defendants Rick Cook, Jeff Mitchell, Josh Benton, Tony Roberts, Paul Harbould, Carl Hefner, Stanley W. Braswell, Roxann Cook, and John Doe, the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

The complaint is legally frivolous as to defendant Joe Briney Welborn, because a prosecutor is absolutely immune from suit for damages under § 1983 for alleged violations committed in "initiating a prosecution and in presenting the state's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Myers v. Morris*, 810 F.2d 1437, 1448 (8th Cir. 1987). This immunity extends to allegations of vindictive prosecution. *Myers v. Morris*, 810 F.2d at 1446. The complaint is also legally frivolous as to Catherine Rice, because public defenders performing lawyers' traditional functions do not act under color of state law for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Although a municipality is not entitled to absolute immunity in § 1983 actions, it cannot be held liable under a respondeat superior theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Municipal liability cannot be imposed absent an allegation that unlawful actions were taken pursuant to a municipality's policy or custom. *Id*. at 694. There being no such allegation in the present action, the complaint is legally frivolous as to defendants City of Dexter, Missouri, and Stoddard County, Missouri.

A suit against a state correctional center is, in effect, a claim against the State of Missouri; however, the State of Missouri is absolutely immune from liability under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. at 63. As such,

4

the complaint is legally frivolous as to defendants defendants Tipton Correctional Center, Cameron Correctional Center, and Western Missouri Correctional Center.

The complaint is legally frivolous as to defendant State of Missouri, because a state is absolutely immune from liability under § 1983. *See id.*

For the foregoing reasons, the Court will dismiss plaintiff's § 1983 action against all the named defendants.

### B. Pendent State Claims

Because plaintiff's federal claims will be dismissed, all remaining pendent state claims should be dismissed, as well. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Hassett v. Lemay Bank & Trust Co.*, 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the

complaint is legally frivolous and fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this memorandum and order.

Dated this 15th day of January, 2010

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**